IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RICHIE,** | : | **CIVIL NO. 1:CV-13-03054** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **SERGEANT JONES,** | : | |
| **Defendant** | : | |

## **M E M O R A N D U M**

On December 12, 2013, Plaintiff Michael Richie, an inmate currently incarcerated at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"), commenced this civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983, as amended on January 16, 2014.[1]  (Doc. 9.)  In the amended complaint, Plaintiff alleges that Defendant Sergeant Jones violated his constitutional rights by failing to send him immediately to the medical department after he slipped and fell on the shower floor and sustained a broken finger.  As relief, Plaintiff seeks monetary damages.

Presently before the court is a motion to dismiss the amended complaint, filed by Defendant Sergeant Jones.  (Doc. 15.)  For the reasons that follow, the motion to dismiss will be granted.

---

[1] Plaintiff initially filed this action in the Eastern District of Pennsylvania, and the matter was transferred to this court on December 19, 2013.  (*See* Doc. 4.)

I. **Background**

   A. **Facts**

In the amended complaint, Plaintiff provides the following factual background with respect to his claim. For purposes of disposition of the instant motion to dismiss, the factual allegations asserted in the amended complaint will be accepted as true and viewed in a light most favorable to Plaintiff.

Plaintiff alleges that, on December 5, 2012, while showering in the G-Block at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), his former place of incarceration, he slipped and fell on the shower floor. (Doc. 9 at 2-3.) As a result of the fall, Plaintiff sustained a broken finger. (*Id*. at 3.) He reported the injury to Defendant Sergeant Jones, who was in charge of G-Block at the time. (*Id*.) Defendant Sergeant Jones initially refused to send Plaintiff to the medical department for an examination, but the next day the Unit Manager "overruled" his decision and ordered Plaintiff to medical for treatment. (*Id*.) An x-ray at medical revealed a broken finger. (*Id*.)

   B. **Procedural History**

Plaintiff initially filed a complaint in the Eastern District of Pennsylvania. (*See* Doc. 1.) By order dated December 12, 2013, the Eastern District court transferred the matter to this court. (*See* Doc. 4.) Thereafter, by order dated December 20, 2013, the court screened the original complaint pursuant to 28 U.S.C. § 1915, and consequently directed Plaintiff to file an amended complaint.

(Doc. 8.) After Plaintiff filed an amended complaint on January 6, 2014, (Doc. 9), the court directed service of the amended complaint on the Defendant named therein, (Doc. 10). On April 4, 2014, Defendant filed a motion to dismiss the amended complaint and supporting brief. (Docs. 15 & 16.) Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had fourteen (14) days from the service of Defendant's motion and brief to file a brief in opposition to the motion. Within that time period, Plaintiff failed to file any opposition or request an extension of time in which to do so. Therefore, by order dated May 28, 2014, the court directed Plaintiff to file a brief in opposition to the motion to dismiss, or face possible dismissal of his amended complaint. (*See* Doc. 17.) On June 5, 2014, Plaintiff filed said brief in opposition. Thus, the motion to dismiss the amended complaint is now ripe for disposition.

**II.**     **Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in the context of Rule 8(a)(2) "depends on the type of case – some

complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *accord, e.g.*, *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington*

*Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 555, 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v.*

*McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."  *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal quotation omitted)).  However, the court may not rely on other parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania,* 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker,* 363 F.3d 229, 236 (3d Cir. 2004).

**III.   Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California,* 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable civil

---

[2] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman,* 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez,* 444 U.S. at 285.

rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, § 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from § 1983 liability. *Id*.

In the instant motion to dismiss, Defendant Sergeant Jones seeks dismissal of the amended complaint on the grounds that: (1) Plaintiff has failed to allege facts sufficient to state an Eighth Amendment claim based on inadequate medical care; and (2) Plaintiff has failed to exhaust his administrative remedies with respect to his claim. The court will address Plaintiff's exhaustion of administrative remedies prior to the merits of his Eighth Amendment claim.

    A.    **Exhaustion of Administrative Remedies**

Defendant Sergeant Jones argues that Plaintiff's claim in his amended complaint should be dismissed based on his failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The court agrees.

The PLRA requires a prisoner to present his claims through an

administrative grievance process before seeking redress in federal court.  The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  *Nyhuis*, 204 F.3d at 71.  The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court.  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id*. at 90-91.

Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 93 (quoting *Nussle*, 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. *Id*. Therefore, it must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The Pennsylvania DOC has an Inmate Grievance System which permits any inmate to seek review of problems that may arise during the course of confinement. 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, Policy No. DC-ADM 804, Inmate Grievance System. After an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. An inmate may then appeal an adverse decision of the Grievance Coordinator to the Superintendent of the institution, and

can finally appeal to the Secretary of the DOC Office of Inmate Grievances and Appeals. *See Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (outlining Pennsylvania's grievance review process).

In the instant case, Defendant Sergeant Jones contends that the amended complaint should be dismissed because Plaintiff failed to file any requests for administrative remedies with respect to his Eighth Amendment claim. In his amended complaint, Plaintiff admits that a prisoner grievance procedure is available to him, but he has not fully exhausted his available administrative remedies regarding his claim. (Doc. 9 at 2.) His explanation for not filing such a grievance, as stated in his amended complaint, is: "I didn't feel [sic] out a grievance cause I did receive medical treatment later on." (*Id*.) In addition, Plaintiff provides no further explanation for failing to exhaust his administrative remedies in his brief in opposition to the instant motion to dismiss. (*See* Doc. 18.) In light of Plaintiff's concession with respect to exhaustion, it is apparent that Plaintiff did not give the grievance process a chance prior to filing this action. Therefore, Plaintiff's amended complaint will be dismissed for failure to exhaust his available administrative remedies.

 **B.** **<u>Eighth Amendment Claim</u>**

Even if Plaintiff had exhausted his administrative remedies with respect to

his claim of inadequate medical care in response to his broken finger, he has failed to state a claim of deliberate indifference to a serious medical need against Defendant Sergeant Jones.[3] In order to establish an Eighth Amendment claim against a defendant for inadequate medical care, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Rouse*, 182 F.3d at 197. A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious

---

[3] Defendant Sergeant Jones' motion to dismiss addresses Plaintiff's claim of deliberate indifference to a serious medical need for failing to promptly treat his broken finger. (*See* Doc. 16 at 3-4.) Liberally construing Plaintiff's allegations and further reviewing them under 28 U.S.C. § 1915, the court also finds that Plaintiff has failed to state an Eighth Amendment conditions of confinement claim for failing to adequately affix the shower floor with slip guards or rubber mats. The problem with such an allegation is that it indicates negligence at worst, but negligence does not rise to the level of a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("a prison official cannot be found liable under [§ 1983] for denying an inmate humane conditions of confinement unless the official . . . [was] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . [drew] the inference"); *Daniels v. Williams*, 474 U.S. 327 (1986) (inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state a claim under § 1983). Because negligence is not sufficient to state a claim under § 1983, any such federal claim related to placement of slip guards or rubber mats in the showers would be dismissed.

nature contemplated by the eighth amendment." *Id*. (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 841. "The official must both be aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Further, when an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napolean*, 897 F.2d 103, 108-10 (3d Cir. 1990); s*ee also Estelle*, 429 U.S. at 105-06 (medical malpractice is insufficient basis upon which to establish an Eighth Amendment violation); *Rouse*, 182 F.3d at 197 ("It is well-settled that claims of negligence and medical malpractice, without some more culpable state of mind, do

not constitute 'deliberate indifference.'"); *Lanzaro*, 834 F.2d at 346 (concluding that mere allegations of malpractice do not raise issues of constitutional import).

In the instant case, viewing the facts and all reasonable inferences therefrom in a light most favorable to Plaintiff, the court finds that Plaintiff has not set forth sufficient allegations to establish that Defendant Sergeant Jones was deliberately indifferent to his serious medical needs. Even if a broken finger were to be considered a serious medical claim, Plaintiff avers that Defendant Sergeant Jones' deliberate delay in sending Plaintiff for treatment was only one day. Plaintiff admits that he was taken to the medical department the day after he sustained the injury, and once there was given an x-ray and diagnosed with a broken finger. Notably, Plaintiff does not allege that Defendant Sergeant Jones did anything to delay that treatment beyond waiting one day. Simply stated, the fact that care was not provided immediately is inadequate to sufficiently allege deliberate indifference on the part of the Defendant. *See Franco-Calzada v. United States*, 375 F. App'x 217, 219 (3d Cir. 2010) (delay of thirteen days before surgery to address fractured fingers was not deliberate indifference to the prisoner's medical needs). As a result, Plaintiff's claim against Defendant Sergeant Jones does not rise to a constitutional level and, therefore, will be dismissed. Furthermore,

because Plaintiff's amended complaint fails to state a constitutional claim, it would be futile to allow him to amend the complaint yet again. *See Alston*, 363 F.3d at 236.

IV. **Conclusion**

For the reasons set forth herein, the motion to dismiss (Doc. 15) will be granted. In addition, Plaintiff will not be permitted to file a second amended complaint. An appropriate order will issue.

> s/Sylvia H. Rambo
> United States District Judge

Dated: August 14, 2014.